**UNITED STATES of America,**

v.

**Donald GODIN, Defendant.**

No. 07–06–PS–S.

United States District Court,
D. Maine.

June 30, 2008.

Bruce M. Merrill, Portland, ME, for Defendant.

Daniel J. Perry, Jason Dionne, Adam J. Bean, Daniel Leary, Michael J. Conley, U.S. Attorney's Office, District of Maine, Portland, ME, for Plaintiff.

## ORDER ON EX PARTE MOTION

GEORGE Z. SINGAL, Chief Judge.

Before the Court is Defendant Donald Godin's Ex Parte Motion for CJA Funds and Continuation of Sentencing Date (Docket # 735). Through this Motion, Defendant Godin seeks the authorization of funds in the amount of $2000 to allow Defendant to submit to a polygraph examination for sentencing purposes and to continue the sentencing date. Specifically, Defendant seeks the results of a polygraph examination to rebut the Government's allegation that Defendant did not satisfy the requirements of U.S.S.G. § 5C1.2(a)(5), which provides that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense...." U.S.S.G. § 5C1.2(a)(5). Notably, it is for the Court to determine whether Defendant has satisfied the requirements of § 5C1.2. *Id.* § 5C1.2(a) ("if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below[.]").

The process and standard for the payment of funds to obtain expert or other services for indigent defendants is set forth in 18 U.S.C. § 3006A(e)(1). Section 3006A(e)(1) provides that: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." Subsection (e) is clearly applicable to the sentencing stage of proceedings. *United States v. Abreu,* 202 F.3d 386, 389 (1st Cir.2000).

**300**

In short, the Court does not find the service of a polygraph examination necessary for adequate representation. The Court notes the continuing uncertainty as to the reliability of polygraph examinations. *See, e.g., United States v. Scheffer*, 523 U.S. 303, 309, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) ("there is simply no consensus that polygraph evidence is reliable"); *United States v. York*, 357 F.3d 14, 23 (1st Cir.2004) ("Perhaps polygraph technology has become more reliable in the five years since the Supreme Court's decision in *Scheffer*. Or perhaps it will be more reliable when York actually begins his supervised release in 2006. Or perhaps the whole theory of polygraph examinations is irredeemably flawed."). Notably, Defendant has provided the Court with no legal guidance or citation indicating that any other court has permitted the expenditure of public funds for a polygraph examination for use at sentencing. Where, as here, it is for the Court to find that Defendant has satisfied the requirements set forth in § 5C1.2(a)(5) and the service is requested merely to bolster Defendant's credibility, the Court does not find the service, a polygraph examination, necessary.

Therefore, the Court **DENIES** Defendant's Ex Parte Motion for CJA Funds and Continuation of Sentencing Date (Docket # 735).

**SO ORDERED.**